Filed 11/25/13  Padilla v. Walgreen Co. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| CHAD PADILLA, | B244834 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC 456804) |
| v. | |
| WALGREEN COMPANY et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment and order of the Superior Court for the County of Los Angeles.  Teresa Sanchez-Gordon, Judge.  Affirmed.

Chad Padilla, in pro. per., for Plaintiff and Appellant.

McCurdy & Leibl, Loren S. Leibl, Michael Miretsky and Lee M. Moulin for Defendants and Respondents Walgreen Company and Rouehna Bono.

Law Offices of Scott C. Haith, Scott C. Haith, Terri R. Brown and D. Michael Lyden for Defendants and Respondents City of West Hollywood and Bonnie Smith.

Collins Collins Muir + Stewart, Eric Brown, Tomas A. Guterres and Kevin Engelien for Defendants and Respondents County of Los Angeles and Michael Berbiar.

_____

## SUMMARY

This appeal presents two issues: whether summary judgment for defendants County of Los Angeles and Detective Michael Berbiar (county defendants) was proper based on plaintiff Chad Padilla's failure to comply with the Government Claims Act (Gov. Code, § 810 et seq.), and whether the trial court properly granted terminating sanctions based on plaintiff's presentation of false declarations to the court, resulting in dismissal of plaintiff's claims against all defendants. Defendants City of West Hollywood and Bonnie Smith (West Hollywood defendants) also ask us to impose sanctions against plaintiff payable to the clerk of this court for taking a frivolous appeal.

We affirm the judgment, but decline to consider the imposition of sanctions against plaintiff.

## FACTS

On October 5, 2010, plaintiff was arrested and his home in West Hollywood was searched, pursuant to a search warrant, in connection with an investigation of "coupon fraud." (Plaintiff had previously been arrested on commercial burglary charges based on the purchase of merchandise at a Walgreen store in El Segundo using allegedly fraudulent coupons. That matter was resolved on December 1, 2010, when plaintiff was "given a diversion . . . in exchange for three days of community service.") Plaintiff says that he was harassed by the county during the period after December 1, 2010, and that the search of his home resulted in the seizure of computers, coupons, and other property that was not returned to him until he obtained an order for its return on March 29, 2011.

On March 11, 2011, plaintiff filed a claim for damages with defendant Los Angeles County under Government Code section 911, stating the following basis of liability against the county defendants:

> "Plaintiff was thrown in jail for a period of 36 hours for using what the West Hollywood Sheriff's Department claimed were fraudulent coupons. As a result of these preposterous allegations, Plaintiff was humiliated in front of my neighbors, and other residents of the City of West Hollywood. Plaintiff was also defamed and suffered severe emotional distress. Lastly Plaintiff had a seizure while he was in jail because of all the stress of being arrested."

2

Plaintiff's claim identified the "date and time of incident" as "October 5, 2010-October 6, 2010 at approximately 6:00 a.m. for a period of thirty six hours."

Plaintiff then filed separate lawsuits against county defendants, West Hollywood defendants, and Walgreen Company and its employee Rouehna Bono (Walgreen). The complaints are not in the appellate record, but it appears the cases were consolidated (along with similar complaints filed by plaintiff's domestic partner, Michael Harzinski), and a first amended complaint (also not in the record) was filed in May 2011. Plaintiff alleged a single cause of action for intentional infliction of emotional distress against the West Hollywood defendants, relating to the county's investigation of coupon fraud, and a cause of action for defamation against defendant Walgreen, claiming Walgreen employees made defamatory statements and posted defamatory fliers about plaintiff in Los Angeles area Walgreen stores.

Plaintiff conceded the county defendants were immune from liability for their actions on October 5 and 6 and during their subsequent investigation of his alleged coupon fraud. But he asserted he was harassed by the county (and says that was "the main contention in [his] complaint") after December 1, 2010, at which time he says there was no ongoing criminal investigation (and therefore no immunity from suit).

The county defendants sought summary judgment, on the ground the allegations of plaintiff's first amended complaint varied significantly from the basis of liability stated in his government claim. The court granted summary judgment to the county defendants on June 5, 2012. In its written order filed August 24, 2012, the court observed plaintiff's government claim stated he was harmed by a wrongful arrest (on October 5 at his apartment) and detention that ended the following day, while his lawsuit alleged he was harmed as a result of actions taken by the county defendants after December 2, 2010, at various locations throughout the City of West Hollywood "that were not in connection to an ongoing criminal investigation." The court further noted that plaintiff conceded county defendants were immune from liability for their actions on October 5 and 6. The trial court concluded that the facts on which plaintiff based his cause of action for

3

intentional infliction of emotional distress were not fairly reflected in his government claim, and his complaint was subject to dismissal.

Meanwhile, on May 25, 2012, the West Hollywood defendants filed a motion in limine for terminating sanctions, and the county defendants and Walgreen joined in that motion. Defendants asserted, among other things, that in opposition to the county defendants' motion for summary judgment, plaintiff submitted forged declarations from Michael and Norma Van Arsdale. These forged declarations stated that the Van Arsdales had witnessed certain harassing conduct by the county sheriff's department in the summer of 2011, when in fact they did not witness the events and had never been to California. Defendant Walgreen further asserted plaintiff forged the declaration of a third witness, Yngrid Padilla, plaintiff's sister, in connection with his defamation claim.

The county defendants sought and obtained commissions for out-of-state depositions of the Van Arsdales. All three witnesses were deposed, and all confirmed the declarations plaintiff had submitted were forged and the information in them was false. Norma Van Arsdale also testified that plaintiff asked her "to disappear for a while" so that she could not be subpoenaed.

On September 13, 2012, the county defendants obtained an award of attorney fees of $171,900 against plaintiff. The court found plaintiff was aware of the county's immunity, and chose to pursue different claims than in his government claim instead of dismissing his claims. In addition, the court found plaintiff's abuse of the discovery process "further bolsters the fact the action was not maintained in good faith . . . ." (See Code Civ. Proc., § 1038, subd. (a) [in civil proceedings under the Government Claims Act, "[i]f the court should determine that the proceeding was not brought in good faith and with reasonable cause, . . . the court shall render judgment in favor of [the party opposing the proceeding] in the amount of all reasonable and necessary defense costs"].)

A month later, the trial court granted the motion for terminating sanctions, striking plaintiff's complaints against all defendants. At the hearing, the court, after citing case authorities for the court's inherent power to impose terminating sanctions, said:

4

"This is such a case. Plaintiffs initially represented to the court that they had evidence supporting their case in audio and video recordings. When the recordings were to be produced in February 2012, plaintiffs represented to the court that a third party assisting them with their electronic devices had deleted the recordings. At that time, there was no evidence of fraud . . . .

"In opposition to the summary judgment motions, plaintiffs submitted the declaration of Michael Van Annsdale and Norma Van Annsdale, signed in Louisiana, and the declaration of Yngrid Padilla signed in Florida. The declarations described incidents supporting plaintiffs' allegations in their complaints.

"Depositions of these witnesses reveal that they did not sign the declarations[,] that they gave no one authority to sign declarations on their behalf, and that they had no personal knowledge relevant to the action and had not been in the State of California at the relevant time.

"Plaintiffs' arguments that these witnesses had been coerced to change their testimony are not credible. Yngrid Padilla purportedly changed her testimony, because she had worked at Walgreen's in the past and would like to work there in the future. It is unlikely that truthful testimony in a California action would damage her application to Walgreen's at some unspecified time in the future. The remaining defendants . . . have no reach into Florida to damage her, and she has no contact with California.

"Similarly, the defendants would not have the capacity of harming the Van Arsdales in Louisiana, and they have no regular contact with California. Making such threats could lead to serious disciplinary action against the attorneys who purportedly harassed the witnesses. It is not credible that the attorneys would engage in such conduct, risking their careers as this is not a big case. It makes no ground-breaking law and does not involve large sums of money.

"Additionally, the declarations were signed by Michael Van Annsdale and Norma Van Annsdale, when their names are actually Michael Van Arsdale and Norma Van Arsdale. It is very unlikely that they would not only not notice . . . that their names were misspelled, but would have signed an incorrect name.

5

"Viewing the depositions, it is clear that these witnesses were not in California at the time of the incidents giving rise to these actions. . . . [T]hey were unaware of these actions and their purported role in these actions until contacted by defendants' attorneys.

"There is additional evidence that plaintiffs advised witnesses they named to avoid service of subpoena and not to respond to defendants' attempt to contact them. Other witnesses failed to attend their deposition . . . . Most disturbing, plaintiff maintained that Yngrid Padilla and the Van Arsdales were . . . witnesses who were intimidated into changing their testimony.

"In this case, plaintiffs have listed witnesses who were not even in the State and submitted declarations, which were clearly both false and forged. Evidence, witnesses and testimony produced by plaintiffs cannot be trusted as they have engaged in such egregious conduct. Instead of showing remorse for such actions, plaintiff continued to maintain that they have evidence, witnesses and testimony to support their case. But because of the outside forces, evidence has disappeared and witnesses have changed their testimony. Terminating sanctions granted."

The court ordered the case against all defendants dismissed on October 16, 2012, and judgment in favor of the county defendants was entered on October 31, 2012. Plaintiff filed a notice of appeal on October 29, 2012.[1]

## DISCUSSION

### 1. Failure to Comply With the Government Claims Act

The substance of plaintiff's argument seems to be that he complied with the Government Claims Act because all of his claims "stem from the October 5, 2010 incident" when his "home was raided . . . and . . . property confiscated for committing purported coupon fraud." He says that his property was "wrongfully withheld post December 1, 2010," and he is "seeking redress for the unlawful seizure of his property

---

[1]    The county defendants argue that plaintiff appealed from the order granting summary judgment (entered October 16, 2012) rather than from the judgment (entered October 31, 2012), and that an order granting summary judgment is not appealable. We will treat the appeal as having been taken from the subsequent judgment. (*Aguilar v. Universal City Studios, Inc.* (1985) 174 Cal.App.3d 384, 387, fn. 1.)

6

from December 1, 2010 to the date it was returned on March 30, 2011 . . . ." (He also says that the "main contention" in his complaint is that he was harassed by the county defendants.) Plaintiff contends the county in its demurrers to his complaint "unequivocally admitted" that plaintiff complied with the Government Claims Act, and that judicial estoppel applies to prevent the county from taking contradictory positions in the same proceeding.

We reject plaintiff's contention for multiple reasons.

First, the county's demurrers are not in the record, so we cannot assess plaintiff's assertions. But in a demurrer, the demurring defendant admits nothing; the plaintiff's allegations are assumed to be true. And, even if the county defendants had taken an inconsistent position, judicial estoppel would not apply, as the county's demurrers did not succeed. (See *MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc.* (2005) 36 Cal.4th 412, 422 [judicial estoppel applies when, among other things, the same party has taken two positions in judicial proceedings, the two positions are "totally inconsistent," and the party was successful in asserting the first position].) Moreover, judicial estoppel is an equitable doctrine and "its application, even where all necessary elements are present, is discretionary." (*Ibid.*)

Second, the pertinent question is whether plaintiff's complaint " 'allege[d] a factual basis for recovery which is not fairly reflected in the written claim.' [Citation.]" (*Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority* (2004) 34 Cal.4th 441, 447 (*Stockett*).) It clearly did.

Under the Government Claims Act, each cause of action in a complaint against a public entity must be "presented by a claim complying with [Government Code] section 910," and section 910 "requires the claimant to state the 'date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.' " (*Stockett, supra,* 34 Cal.4th at p. 447, quoting § 910, subd. (c).) "If the claim is rejected and the plaintiff ultimately files a complaint against the public entity, the facts underlying each cause of action in the complaint must have been fairly reflected in a timely claim." (*Stockett,* at p. 447.)

While the claim "need not specify each particular act or omission later proven to have caused the injury," the complaint may not be based on an " 'entirely different set of facts.' [Citation.]" (*Stockett, supra,* 34 Cal.4th at p. 447.) "Only where there has been a 'complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim' have courts generally found the complaint barred." (*Ibid.*)

Here, plaintiff's government claim stated he was harmed by a wrongful arrest (on October 5 at his apartment) and detention that ended the following day. As the trial court stated, however, plaintiff's lawsuit "seeks money or damages as a result of actions taken by the County Defendants after December 2, 2010 at various locations throughout the city of West Hollywood that were not in connection to an ongoing criminal investigation." Thus, plaintiff clearly made a " 'complete shift in allegations,' " attempting to premise the county's liability for intentional infliction of emotional distress "on acts or omissions committed at different times . . . than those described in [plaintiff's government] claim." (*Stockett, supra,* 34 Cal.4th at p. 447.) In short, we agree with the trial court's conclusion that "the facts upon which [plaintiff] bases his cause of action for intentional infliction of emotional distress are not fairly reflected within his Government Claim . . . ." Consequently, summary judgment for the county defendants was proper.

In his reply brief, plaintiff for the first time argues that this court should construe his appeal to include a challenge to the award of attorney fees to the county defendants. We do not consider contentions raised for the first time in a reply brief. (*Scott v. CIBA Vision Corp.* (1995) 38 Cal.App.4th 307, 322 ["We do not entertain issues raised for the first time in a reply brief, in the absence of a showing of good cause why such issues were not raised in the opening brief."].) Plaintiff made no showing of good cause, and so we disregard the issue. (*Ibid.*)

8

## 2.    The Terminating Sanctions

Plaintiff contends the trial court abused its discretion when it granted terminating sanctions.  We disagree.[2]

"[W]hen a plaintiff's deliberate and egregious misconduct makes any sanction other than dismissal inadequate to ensure a fair trial, the trial court has inherent power to impose a terminating sanction."  (*Stephen Slesinger, Inc. v. Walt Disney Co.* (2007) 155 Cal.App.4th 736, 740 (*Slesinger*).)  "The decision whether to exercise the inherent power to dismiss requires consideration of all relevant circumstances, including the nature of the misconduct (which must be deliberate and egregious, but may or may not violate a prior court order), the strong preference for adjudicating claims on the merits, the integrity of the court as an institution of justice, the effect of the misconduct on a fair resolution of the case, and the availability of other sanctions to cure the harm. . . .  We do not attempt to catalogue all the factors that must be considered in any particular case, except to emphasize that dismissal is *always* a drastic remedy to be employed *only* in the rarest of circumstances.  We also do not attempt to catalogue the types of misconduct necessary to justify an exercise of the inherent power to dismiss, because 'corrupt intent knows no stylistic boundaries.' "  (*Id.* at p. 764, citations & fn. omitted.)

In considering whether the trial court properly exercised its inherent power to dismiss a case for misconduct, our review is for abuse of discretion.  (*Slesinger, supra,* 155 Cal.App.4th at p. 765.)  "We view the entire record in the light most favorable to the court's ruling, and draw all reasonable inferences in support of it.  [Citation.]  We also defer to the trial court's credibility determinations.  [Citation.]  The trial court's decision will be reversed only 'for manifest abuse exceeding the bounds of reason.'  [Citation.]"  (*Ibid.*)

---

[2]     The West Hollywood defendants assert plaintiff's appeal should be dismissed as procedurally defective because plaintiff's opening brief does not cite record references as to "where evidence appears that the trial court abused its discretion" in granting terminating sanctions.  But plaintiff does cite evidence he asserts shows an abuse of discretion.  In fact, it does not, but that is a matter of substance, not procedure.

In this case, plaintiff claims the court did not consider "all relevant circumstances" (*Slesinger*, *supra*, 155 Cal.App.4th at p. 764), but rather, abused its discretion and violated due process of law by "ignor[ing] and disregard[ing]" evidence proving that his sister and the Van Arsdales "lied" and "knew everything" about the facts of this case before they spoke to county defendants about the case. This contention is meritless. There is nothing in the record to suggest the court did not consider all the evidence properly submitted, and questions of credibility are for the trial court, not this court. (*Id.* at p. 765.) In any event, our review of the record confirms that the evidence plaintiff cites – an email from his sister and excerpts from the depositions of the three witnesses – contain no material inconsistencies. In short, it is clear from their testimony that plaintiff presented forged and fabricated declarations to the court, advised witnesses to avoid service of subpoena and not to respond to defendants' attempt to contact them, and falsely maintained the witnesses were intimidated by defendants into changing their testimony.

We can find no abuse of discretion in the court's finding that plaintiff's conduct was sufficiently egregious to merit striking his complaint and dismissing his case. Plaintiff's conduct was "deliberate and egregious," and is surely an offense to "the integrity of the court as an institution of justice." (*Slesinger, supra,* 155 Cal.App.4th at p. 764.) As the trial court noted, "evidence, witnesses and testimony produced by plaintiffs cannot be trusted as they have engaged in such egregious conduct. Instead of showing remorse for such actions, plaintiff continued to maintain that they have evidence, witnesses and testimony to support their case." This misconduct met the standard set in *Slesinger*: "deliberate and egregious misconduct [that] makes any sanction other than dismissal inadequate to ensure a fair trial . . . ." (*Id.* at p. 740.) Accordingly, the trial court did not abuse its discretion in dismissing the case.

### 3.    Motion for Sanctions

The West Hollywood defendants ask us to impose sanctions payable to the clerk of the court under California Rules of Court, rule 8.276(a)(1) and (2) (authorizing a Court of Appeal to impose sanctions on a party or attorney for "[t]aking a frivolous appeal or

10

appealing solely to cause delay" and for "[i]ncluding in the record any matter not reasonably material to the appeal's determination"). "The court must give notice in writing if it is considering imposing sanctions." (Rule 8.276(c).) We decline to exercise our discretion to consider the imposition of sanctions in this case.

## DISPOSITION

The judgment and order of dismissal are affirmed. The motion for sanctions is denied. Defendants shall recover their costs on appeal.


GRIMES, J.


We concur:

BIGELOW, P. J.


FLIER, J.


11